UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN BENITEZ, *individually and on behalf of others similarly situated,*

    *Plaintiff,*

-against-

2067 BAKE CORP. (d/b/a GIGI CAFE), HENRY JESSUP, and JOHN DOE,

    *Defendants.*

15 CV 8107

**SETTLEMENT AGREEMENT AND RELEASE**

---

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff JUAN BENITEZ ("Plaintiff") on the one hand, and 2067 BAKE CORP. (d/b/a GIGI CAFE), (the "Defendant Corporation" or "Company") and KAMAL KHADR (incorrectly named in the Complaint as HENRY JESSUP) (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

    WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 15-Cv-8107 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the effective date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Forty

1

five thousand dollars ($45,000) (the "Settlement Amount") to be paid to Plaintiff's attorneys in six ("6") installments, as follows:

    (a)    Installment One: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on or before January 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    (b)    Installment Two: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on February 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    (c)    Installment Three: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on March 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    (d)    Installment Four: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on April 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    (e)    Installment Five: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on May 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    (f)    Installment Six: A check in the amount of Seven Thousand Five Hundred Dollars ($7,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit on June 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Plaintiff and his counsel shall be solely responsible for any and all taxes resulting from payments received under this Settlement Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff and or his counsel, Plaintiff and his counsel shall indemnify and hold Defendants harmless for any failure of Plaintiff or his counsel to pay taxes on any payments received from Defendants pursuant to this Settlement Agreement.

All payments made herein shall be held in escrow by Michael Faillace and Associates and shall not be deposited prior to the date on the checks, and shall not be distributed unless and until the Court approves this Agreement and "So Orders" the Stipulation of Discontinuance attached as Exhibit C.

2. <u>Confession of Judgment</u>: Concurrently with the execution of this Agreement, Defendants 2067 BAKE CORP. (d/b/a GIGI CAFE) and KAMAL KHADR shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as **Exhibit A and Exhibit B** respectively. The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice (to be delivered to Defendants by First Class Mail via their counsel, Raymond Nardo, at Raymond Nardo, P.C., 129 Third Street, Mineola, NY 11501). Any such Notice of Default shall be deemed received seven (7) business days after it is mailed. Upon full and complete payment, all confessions of judgment shall be returned to defendants' counsel.

3. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Plaintiff represents that the consideration paid herein compensates him for all wages due, including Federal and State liquidated damages, for the entire time that he worked for defendants, and acknowledges that defendants are relying on this representation. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within seven (7) days of receipt of the executed Settlement Agreement and payments in accordance with paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit C**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings, and shall submit all documentation in a timely fashion.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. <u>No Future Employment</u>: It is agreed that the employee-employer relationship between Plaintiff and the Company ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have had against the Company. It is further understood should Plaintiff again apply to work for the Company, in any capacity, the Company, based on this clause, may deny each Plaintiff employment for any position that he seeks, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that each Plaintiff will not seek employment with the Company after the execution of this Agreement.

8. <u>Response to Subpoena:</u> Plaintiff agrees that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

9. <u>Return of all Property</u>: Plaintiff represents that they have returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

10. <u>Employment References</u>: Any request for a reference with respect to Plaintiff will be referred to the Company management. The Company will limit any response to confirming each Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

11. <u>Acknowledgment:</u> Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

12.  Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Raymond Nardo
**RAYMOND NARDO, P.C.**
129 Third Street
Mineola, NY 11501
(516) 248-2121 (Tel)
(516) 742-7675 (Fax)

13.  Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

14.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full amounts paid under this Agreement.

15.  Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms

5

that this Settlement Agreement and General Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily. Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that he fully understands and agrees to all of its terms.

16.  Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

[THIS SECTION IS INTENTIONALLY LEFT BLANK]

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFF:**

By: _____
    JUAN BENITEZ

Sworn to before me this 5 day of december, 2016

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2017

**DEFENDANTS:**

By: _____
    KAMAL KHADR

Sworn to before me this 30th day of November, 2016

JOHN A MARINO
Notary Public - State of New York
NO. 01MA624...
Qualified in Nassau...
My Commission Exp... 2019

2067 BAKE CORP.

By: _____

Print Name Kamal Khadr

Title: President

Sworn to before me this 30th day of November, 2016

JOHN A MARINO
Notary Public - State of New York
NO. 01MA6243603
Qualified in Nassau County
My Commission Expires Jun 20, 2019

JOHN A MARINO
Notary Public - State of New York
NO. 01MA6243603
Qualified in Nassau County
My Commission Expires Jun 20, 2019

7

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------

JUAN BENITEZ, *individually and on behalf of others similarly situated*,

          *Plaintiff,*

      -against-

KAMAL KHADR,

          *Defendant.*

------------------------------------------------ x

: Index No.:
:
: **AFFIDAVIT OF CONFESSION**
: **OF JUDGMENT**

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF NASSAU    )

      KAMAL KHADR, being duly sworn, deposes and says:

1. I reside in Nassau County at 6 Kent Place, Great Neck, NY 11020.

2. Pursuant to the terms of the Settlement Agreement and Release by and between JUAN BENITEZ ("Plaintiff") and 2067 BAKE CORP. (d/b/a GIGI CAFE) and KAMAL KHADR (incorrectly named in the Complaint as HENRY JESSUP) (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof, upon default in the payment plan, in New York County against me individually and in favor of Plaintiff for the sum of FORTY FIVE THOUSAND DOLLARS AND NO CENTS ($45,000), LESS ANY PAYMENTS MADE UNDER THE SETTLEMENT AGREEEMENT.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $45,000 to Plaintiff through six installment payments.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of New York, as a judgment for $45,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me,.

_____
KAMAL KHADR

Sworn to before me this
30th day of November 2016

_____
Notary Public

JOHN A MARINO
Notary Public - State of New York
NO. 01MA6243603
Qualified in Nassau County
My Commission Expires Jun 20, 2019

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------

| | |
|---|---|
| JUAN BENITEZ, *individually and on behalf of others similarly situated,* | Index No.: |
| Plaintiff, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| -against- | |
| 2067 BAKE CORP. (d/b/a GIGI CAFE), | |
| Defendant. | |

------------------------------------X

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF            )

KAMAL KHADR, being duly sworn, deposes and says:

1. I reside in Nassau County at 6 Kent Place, Great Neck, NY 11020.

2. I am the President of 2067 BAKE CORP. (d/b/a GIGI CAFE). I am duly authorized to make this affidavit of confession of judgment on behalf of 2067 BAKE CORP. (d/b/a GIGI CAFE).

3. 2067 BAKE CORP. (d/b/a GIGI CAFE) maintains its principal place of business in New York County at 2067 Broadway #1, New York, NY 10023.

4. Pursuant to the terms of the Settlement Agreement and Release by and between JUAN BENITEZ ("Plaintiff") and 2067 BAKE CORP. (d/b/a GIGI CAFE) and KAMAL KHADR (incorrectly named in the Complaint as HENRY JESSUP) (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof, upon default in the payment plan, in New York County against 2067 BAKE CORP. (d/b/a

GIGI CAFE), in favor of Plaintiff, for the sum of FORTY FIVE THOUSAND DOLLARS ($45,000), LESS ANY PAYMENTS MADE UNDER THE SETTLEMENT AGREEEMENT.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $45,000 to Plaintiff through six installments.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of New York, as a judgment for $45,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against 2067 BAKE CORP. (d/b/a GIGI CAFE).

2067 BAKE CORP. (d/b/a GIGI CAFE)

By: _____
KAMAL KHADR
Title: President

STATE OF _N.Y_ )
                      : ss.:
COUNTY OF _Nassau_ )

On _November 30_, 2016, before me personally came _Kamal Khadr_, to me known, who, by me duly sworn, did depose and say that deponent resides at _6 Kent Place, Great Neck, NY 11020_, that deponent is the President of 2067 BAKE CORP. (d/b/a GIGI CAFE) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 2067 BAKE CORP. (d/b/a GIGI CAFE) and was authorized to do so.

_____
Notary Public

JOHN A MARINO
Notary Public - State of New York
NO. 01MA6243603
Qualified in Nassau County
My Commission Expires Jun 20, 2019

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BENITEZ, *individually and on behalf of others similarly situated,*

           *Plaintiff,*

-against-

2067 BAKE CORP. (d/b/a GIGI CAFE), HENRY JESSUP, and JOHN DOE,

           *Defendants.*

15 CV 8107 (AT)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
      Dec. 12, 2016

Raymond Nardo
RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
*Attorney for Defendants*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd. St. Suite 2020
New York, NY 10165
*Attorneys for Plaintiff*

15